UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**BENYEHUDAH WHITFIELD,**

    **Plaintiff,**

v.                                            Case No.  04-3136

**ROGER E. WALKER et al.,**

    **Defendants.**

## Case Management Order

    IT IS ORDERED THAT:

    1) **The defendants' motion to dismiss (d/e 72) is granted in part and denied in part** as follows:

        a)  Defendants' motion to dismiss the strip search claim is denied.  "[A] strip search of a male prisoner in front of female officers, if conducted for a legitimate penological purpose, would fail to rise to the level of an Eighth Amendment violation." *Calhoun v. DeTella*, 319 F.3d 936, 989 (2003), *quoting Johnson v. Phelan*, 69 F.3d 144, 150-51 (7th Cir. 1995). However, the plaintiff may be able to recover under the Eighth Amendment if the search was "conducted in a harassing manner intended to humiliate and inflict psychological pain." *Id.* This inquiry more appropriately for summary judgment.

        b)  Defendants are correct that the plaintiff cannot seek injunctive relief for past violations, *Stewart v. McGinnis*, 5 F.3d 1031, 1037 (7th Cir. 1993)(injunctive relief cannot be based on "past wrongs alone").  However, the court believes a more detailed record is necessary to determine exactly what relief the plaintiff seeks.

        c)  Damages sought against the defendants in their official capacities are dismissed as barred by the Eleventh Amendment.  *Wynn v. Southward*, 251 F.3d 588, 591 (7th Cir. 2001).  However, the defendants remain in the case in their official capacities to the extent not barred by the Eleventh Amendment.

    2) **The plaintiff's motion to compel is denied (d/e 123).**  The defendants' response shows that they have appropriately responded, or that the plaintiff's requests are overly broad and unduly burdensome, or that the plaintiff should already have copies of what he seeks. Additionally, the defendants correctly point out that they are not required to subsidize the plaintiff's litigation costs.  *Lewis v. Sullivan*, 279 F.3d at 528; *see also Johnson v. Daley*, 339

F.2d 582, 586 (7th Cir. 2003)("Although prisoners enjoy a fundamental right of access to the courts . . . there is no right of *subsidized* access").

3) **The plaintiff's "motion for permissive joiner" (d/e 127) is denied.** The motion is really one to add new defendants and new claims, a motion to amend the complaint, which the plaintiff has not justified under Fed. R. Civ. P. 15. Additional claims and defendants would serve only to unnecessarily delay this case and unduly burden the existing defendants.

4) **The plaintiff's motion to compel an answer to #4 of his third additional request for discovery is granted (d/e 133).** It is true that there is no constitutional claim for the intentional destruction of property, but this is part of the plaintiff's retaliation claim. *See DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 1999)(citations omitted)(constitutional actions become unconstitutional if done in retaliation for the exercise of a constitutional right-- "This is so even if the adverse action does not independently violate the Constitution."). The court cannot say at this juncture that the procedures regarding property confiscation are irrelevant or unlikely to lead to relevant evidence. The defendants are directed to answer the interrogatory by April 28, 2006.

5) **The plaintiff's motion for leave to file his motion to compel is granted (d/e 135).**

6) **The plaintiff's motion #139 is granted in part and denied in part.** It is denied to the extent it seeks a faster ruling on pending motions. It is granted to the extent it seeks extension of the dispositive motion deadline (d/e 139). The new deadline is set forth below.

7) **The plaintiff's motion for an extension of dispositive motion deadline is denied as moot (d/e 149).**

8) **The plaintiff's motion to compel the prison to supply him with adequate paper and legal supplies and materials is denied (d/e 140).** The plaintiff says he is provided with 25 sheets of paper, 4 brown envelopes, two pens, and 6 white envelopes each month. It is up to the plaintiff to determine how to best use these resources. That is no different than any other litigant, who must weigh the costs of litigating and the resources one has against the chances of success. The prison is not constitutionally required to subsidize all of the plaintiff's pending cases to the extent the plaintiff believes necessary.

9) **The plaintiff's motion for appointment of counsel is denied (d/e 140).** The plaintiff's filings show he is a literate, competent and experienced litigator, and this case is not complex. Though it involves many defendants and events, the central claim is retaliation and conditions of confinement which the plaintiff allegedly personally experienced. Additionally, the plaintiff has not made the required showing, nor does the record support a reasonable inference, that appointed counsel would make a difference in the outcome of this case.

10) **The plaintiff's motion for sanctions is denied (d/e 145).** The court sees no sanctionable conduct by defendants.

11) **The defendants' motion to stay response is granted (d/e 156).**

12) **The defendants' motion to compel specific answers to interrogatories is granted (d/e 143).** The court agrees that the defendants need detailed information as to the each of the plaintiff's specific claim against each individual defendant, in order to prepare a defense. The Court will also need this information in ruling on a summary judgment motion, as well as approving any final pretrial order. Accordingly, by April 28, 2006, the plaintiff shall answer defendants' Interrogatories 1-4 in full and specific detail, and in compliance with counsel's letter to the plaintiff dated December 15, 2005, attached to the defendants' motion to compel. Failure to do so may result in the exclusion of claims from consideration, if the court finds that the defendants have not received fair notice of the claim.

13) **The plaintiff's motion to compel (d/e 136) is granted in part and denied in part.**

The plaintiff does not attach the defendants' response to his discovery request. The defendants maintain that they objected to the form because it was a combination of both requests for production of documents and interrogatories (d/e 110, p.2). The defendants also assert that the plaintiff served additional discovery requests upon them, seven of which were requests for production of documents that they responded to. The plaintiff does not address these arguments, other than to say that the "objection was mailed to me . . . but, since receiving it, I've not received a docket text or order from the court advising me to respond to this matter and of how long I had to respond to it, so I never responded. At any rate, assuming(arguendo) that interrogatories are the proper means of ascertaining (just) the names of certain individuals and/or defendants, this does not apply to pro se litigants." (d/e 136, fn. 1).

The plaintiff's argument that the court should have done something *sua sponte* about the defendants' objection is without merit. Discovery documents are not filed in court or considered by the court, unless they are the subject of a motion to compel. CDIL-LR 26.3(A)(objections to discovery requests not filed in court unless part of Rule 26(c) or Rule 37 motion). The defendants' objections were never filed with the court. Even if they had been, the court would not have responded unless and until a motion to compel was filed. Id. Instead of resubmitting his response to the defendants in the correct form, the plaintiff chose instead to file a motion to compel, relying on his *pro se* status for leniency. The plaintiff's assertion of his ignorance in discovery procedures is not credible, given his experience in discovery in his other pending and prior litigation. *See, e.g., Whitfield v. Wexford Health Sources et al.*, 03-CV-3113 (C.D. Ill.); *Whitfield v. Snyder et al.*, 03-3014 (C.D. Ill.); *Whitfield v. Gupta*, 04-CV-00420 (S.D. Ill); *Whitfield v. IDOC et al.*, 02-CV-50387 (N.D Ill). In any event, the same procedural rules apply to him whether or not he is *pro se*. This avoids giving an unfair advantage to *pro se* litigants and helps accomplish the consistent and predictable application of rules. *Myles v. U.S.*, 416 F.3d 551, 552 (7th Cir. 2005)( "'in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.'")(quoted cite omitted).

The plaintiff's motion does not comply with Local Rule 26.3.  It is not accompanied by the discovery material necessary to decide the motion (i.e., the defendants' response).  More importantly, the plaintiff also does not explain what documents he still seeks that haven't already been provided.  He submitted several additional discovery requests after his initial discovery request, to which the defendants have responded.  The court cannot tell what is left that hasn't been produced.  Nor does the plaintiff explain how each of his requests are relevant to his claims.  Many of the requests do not appear relevant, are too broad and unduly burdensome, too vague, already produced in other litigation by the plaintiff , regard other incidents not involved in this case, and/or amount to an untimely attempt to determine identities on additional persons for service, when the date for doing so passed long before the motion was filed.  The plaintiff makes no effort to argue the merit of his individual discovery requests.  He says in effect, "I asked for this information and it was denied," and leaves the court to figure out the rest.  He simply has not met his burden of persuasion on his motion to compel.

**For these reasons, the plaintiff's motion is denied, except as to the few requests below** that do appear relevant to the claims in this case, do not appear overly broad or unduly burdensome, and should not unnecessarily prolong this case.  By April 28, 2006, the defendants are directed to produce the following information to the plaintiff, to the extent they have not already done so in this litigation, or in the plaintiff's other cases:

a)  A copy of the plaintiff's medical records (including mental health records) for September 18, 2003.

b)  A copy of all rules, code, directives, etc. regarding the procedures for cell extractions of inmates who are "psych patients" or taking psychotropic medicine, in effect on September 18, 2003, at Western Correctional Center, including how/if the extraction is to be recorded or documented (by video or on paper), when pepper spray may be used and how it may be used, the type of pepper spray used, and what medical treatment an inmate is to receive after being sprayed with pepper spray, if any.

c)   All documentation and/or records of the cell extraction that was carried out against the plaintiff on September 18, 2003, at Western Illinois Correctional Center, including but not limited to, any video recording, and the type and amount of pepper spray used.

d)  The cell number from which the plaintiff was extracted on September 18, 2003.

e)  The names of any inmates inhabiting the cells directly adjoining or across from the cell from which the plaintiff was extracted on September 18, 2003.  If this information is unduly burdensome to produce or other objections are relevant, the defendants may explain their non-production in a notice of compliance.

f)  Any documentation regarding the plaintiff's placement in a segregation cell in Pontiac Correctional Center during the relevant time frame, including the reason therefore.  Any

documentation regarding the procedures in place at that time used by Pontiac Correctional Center for determining whether an inmate is placed in segregation cell similar to the cell in which the plaintiff was placed, and for placing an inmate in such cell.

     14) The new dispositive motion deadline is May 31, 2006.  The plaintiff may submit a summary judgment motion to replace or supplement his current motion by that date, if he wishes. The parties shall respond to all pending motions for summary judgment by June 30, 2006 (the defendants need not respond to the plaintiff's current summary judgment motion until then).

     Entered this 10th Day of March, 2006.

                                     **s\Harold A. Baker**

                                          HAROLD A. BAKER
                               UNITED STATES DISTRICT JUDGE