UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

BENYEHUDAH WHITFIELD,

    Plaintiff,

v.        Case No. 04-3136

ROGER E. WALKER et al.,

    Defendants.

## Case Management Order

Before the court are several pending motions by Plaintiff.

IT IS ORDERED:

1) Plaintiff's motions for extension to file motion for reconsideration are granted (d/e's 189, 199, 201, 202).[1]  The court notes Plaintiff has already filed two motions for reconsideration of the court's 9/14/06 order.  (d/e's 191, attachment to d/e 202).

2) Plaintiff's motion to reconsider (d/e 191)("Rule 60 motion to vacate this Court's September 14, 2006 Order") is denied.  Plaintiff's primary objection to the 9/14/06 order is that the Defendants did not respond to his summary judgment motion.  Therefore, he argues, his motion should be deemed admitted under Local Rule.  However, as the court stated in its September 14th order, Defendants hotly debate whether a response was due at all.  Also as the court stated, that debate does not advance this case but only delays disposition on the merits.

In the September 14, 2006 order the court moved, sua sponte, for summary judgment on all the plaintiff's claims except his Eighth Amendment claim regarding the tactical team's cell extraction on September 18, 2003 and subsequent strip search.  The court thoroughly reviewed the plaintiff's evidence, made detailed findings of fact, and gave Plaintiff an opportunity to respond with evidence to show a justiciable question of fact.  His response does not show any factual issue for a jury to decide.  Accordingly, summary judgment will be entered as set forth in the paragraph below.

3) Summary judgment is entered in favor of the defendants on all the plaintiff's claims,

---

[1] The motions for leave to file motions for extension (199, 201, 202) are construed as motions for extension.  Plaintiff may file his motions directly–he need not file a motion for leave to file a motion.

except for his Eighth Amendment claims arising from the tactical team's cell extraction on September 18, 2003 and subsequent strip search.

    4) The only defendants implicated in the remaining Eighth Amendment claims are: Baker, Mitchell, Pritchard, Ruiz and Winters. Defendants Baker, Mitchell, Pritchard, Ruiz and Winters stay in the case. All other defendants are dismissed.

    5) Plaintiff's motion for leave to file (d/e 190) is granted in part and denied in part.

    Motion 190 is granted to the extent it seeks leave to file objections to the production of the video tape. The clerk is directed to docket the objections (attachment 1 to d/e 190). However, if Plaintiff is moving to bar the admissibility of the tape at trial, he must have evidence, other than his bare assertions, to support his claim that the tape has been doctored. The motion is therefore denied to the extent it seeks to bar admission of the tape. The court reminds Defendants that they must lay proper foundation at trial to admit the tape into evidence. Motion 190 is denied as moot to the extent it seeks to file a motion for extension to file a motion to reconsider.

    6) Plaintiff's motion to compel (d/e 192) is granted in part and denied in part.

    Motion #192 is granted to the extent it seeks the names of the individuals carrying out the cell extraction of Plaintiff on September 18, 2003. Defendants are directed to include those individuals on the proposed final pretrial order as witnesses, and also to inform the court (either before or at the final pretrial conference) whether those individuals are currently working for IDOC and will appear by video for the trial.

    Motion #192 is denied as moot to the extent it seeks the plaintiff's medical records for September 18, 2003. The defendants notice of compliance states that those records were provided in April 2006. Plaintiff made no objection at that time to the completeness of that production as it relates to the nurse he maintains was present during the extraction, nor does he explain now how the production in April was incomplete.

    Motion #192 is also denied to the extent Plaintiff seeks leave to compel all internal directives on cell extractions. Defendants have provided the administrative code regarding cell extractions, along with the video tape of the extraction. The court agrees with Defendants that security and relevancy concerns weigh against the production of these documents. Internal rules do not establish the standard for cruel and unusual punishment under the Eighth Amendment. *See Thompson v. City of Chicago*, 472 F.3d 444 (7th Cir. 2006)(upholding district court's exclusion from trial of general police order regarding use of force as irrelevant and prejudicial to Fourth Amendment inquiry into reasonableness of force used during arrest). Defendants' alleged violation of their own rules would not mean that they violated the Eighth Amendment. *Id.*

    7) Defendants' counsel is directed to send a copy of the communication to the Court docketed as #188 (plus attachment), if not already done. Plaintiff's motion to compel the

communication is denied as moot (d/e 193).

8) The clerk is directed to docket the attachment to motion #202 separately as a motion to reconsider the court's 9/14/06 order and to leave it pending on the docket. This motion to reconsider goes to the court's decision to hold the trial by video conference. Defendants may file a response to that issue by March 9, 2007.

Entered this <u>23rd</u> Day of<u> February </u>, 2007.

                                       **s\Harold A. Baker**
                                       HAROLD A. BAKER
                                    UNITED STATES DISTRICT JUDGE